Michael Downs, Petitioner, v. Commissioner of Internal Revenue, Respondent.

Eleanor J. Downs, Petitioner, v. Commissioner of Internal Revenue, Respondent.

Docket Nos. 9643, 9644. Promulgated October 24, 1946.

*Robert A. Waring, Esq.*, for the petitioners.
*A. J. Hurley, Esq.*, for the respondent.

OPINION.

BLACK, *Judge*: There is but one issue in these consolidated proceedings and that is whether the $5,438.50 which the petitioner earned in 1943 while an employee of Lockheed Overseas Corporation is exempt from taxation under the provisions of section 116 of the Internal Revenue Code,[1] printed in the margin.

There is no dispute as to the underlying facts in the instant case. The only dispute is as to the ultimate fact. Petitioner contends that on the facts which have been stipulated, and those proved at the hearing, we should find that during the entire year 1943 he was a "bona fide resident of a foreign country or countries" within the meaning of section 116 of the code. Respondent asks us to find on these same facts that petitioner was not a "bona fide resident of a foreign country or countries" during the period in question.

In the consideration of the issue we have here to decide, certain things are clear. When petitioner went overseas in 1942 he had no intention of changing his domicile. At all times material hereto petitioner's domicile was in the United States. He concedes that. We agree with petitioner that the fact that at no time material hereto did he have any intention of changing his domicile is not decisive

---

[1] SEC. 116. EXCLUSIONS FROM GROSS INCOME.

In addition to the items specified in section 22 (b), the following items shall not be included in gross income and shall be exempt from taxation under this chapter:

(a) EARNED INCOME FROM SOURCES WITHOUT THE UNITED STATES.—

(1) FOREIGN RESIDENT FOR ENTIRE TAXABLE YEAR.—In the case of an individual citizen of the United States, who establishes to the satisfaction of the Commissioner that he is a bona fide resident of a foreign country or countries during the entire taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) if such amounts would constitute earned income as defined in section 25 (a) if received from sources within the United States; but such individuals shall not be allowed as a deduction from his gross income any deduction properly allocable to or chargeable against amounts excluded from gross income under this subsection.

of the question we have here to decide. It is also clear that petitioner was physically absent from the United States during the entire taxable year 1943, and during this time he was engaged in important and essential work in the war effort as an employee of Lockheed at the aircraft depot established in Northern Ireland and elsewhere in the British Isles. Both parties seem to agree in their briefs that there are many and varied definitions of the word "residence" to be found in adjudicated cases in the law books not having to do with income taxes, and that these definitions are of little help in deciding the issue which we have here. They are in agreement that, inasmuch as section 116 of the code does not define the meaning of "bona fide resident of a foreign country or countries," the Treasury regulations must be looked to to find the correct interpretation of the words thus used in the statute.

Both parties seem to agree that the applicable regulations are those printed in the margin.[2] The legislative history of section 116 of the code (printed in footnote 1) has been fully discussed in *Arthur J. H. Johnson*, 7 T. C. 1040, this day decided. Also, sections 29.116–1 and 29.211–2 of Treasury Regulations 111 were analyzed and discussed in that case. We shall not repeat that legislative history and discussion here. In the *Johnson* case we held on the facts present therein that the taxpayer was not during 1943 a bona fide resident of a "foreign country or countries" within the meaning of section

---

[2] SEC. 29.116–1 [Regulations 111]. EARNED INCOME FROM SOURCES WITHOUT THE UNITED STATES.—For taxable years beginning after December 31, 1942, there is excluded from gross income earned income in the case of an individual citizen of the United States provided the following conditions are met by the taxpayer claiming such exclusion from his gross income: (*a*) It is established to the satisfaction of the Commissioner that the taxpayer has been a bona fide resident of a foreign country or countries throughout the entire taxable years; (*b*) such income is from sources without the United States; (*c*) the income constitutes earned income as defined in section 25 (a) if received from sources within the United States; and (*d*) such income does not represent amounts paid by the United States or any agency or instrumentality thereof. * * * Whether the individual citizen of the United States is a bona fide resident of a foreign country shall be determined in general by the application of the principles of sections 29.211–2, 29.211–3, 29.211–4, and 29.211–5 relating to what constitutes residence or nonresidence, as the case may be, in the United States in the case of an alien individual.

\* \* \* \* \* \*. \*

SEC. 29.211–2. DEFINITION.—

\* \* \* \* \* \*

An alien actually present in the United States who is not a mere transient or sojourner is a resident of the United States for purposes of the income tax. Whether he is a transient is determined by his intentions with regard to the length and nature of his stay. A mere floating intention, indefinite as to time, to return to another country is not sufficient to constitute him a transient. If he lives in the United States and has no definite intention as to his stay, he is a resident. One who comes to the United States for a definite purpose which in its nature may be promptly accomplished is a transient; but if his purpose is of such a nature that an extended stay may be necessary for its accomplishment, and to that end the alien makes his home temporarily in the United States, he becomes a resident, though it may be his intention at all times to return to his domicile abroad when the purpose for which he came has been consummated or abandoned. An alien whose stay in the United States is limited to a definite period by the immigration laws is not a resident of the United States within the meaning of this section, in the absence of exceptional circumstances.

116 of the code. On authority of that case, we think we must make the same holding here. It is true, of course, that there are some differences in the facts of the *Johnson* case from those of the instant case, but we do not think those differences are sufficient to make the cases distinguishable as to the result reached.

Petitioner, in arguing that during 1943 he was a "bona fide" resident of a foreign country or countries within the meaning of section 116, says in his brief:

These two Latin words "bona fide" mean acting in "good faith." These words were wisely designed to prevent persons not acting in good faith from travelling out of the country just to avoid taxes thereby—taking a trip perhaps at the expense of the Government. The purpose was to prevent persons acting in bad faith from tax avoidance by false claims.

The good faith of Michael Downs surely cannot be seriously questioned by the Commissioner. * * *

We agree that the good faith of petitioner in going overseas as an employee of Lockheed and rendering important and essential services to the war effort can not be questioned. We do not understand that it is being questioned by the Commissioner. The Commissioner states in his brief that his attitude in this sort of cases is correctly stated in I. T. 3642, 1944 C. B. 262. In I. T. 3642 advice was requested whether A, a citizen of the United States who went to Canada on January 1, 1943, where he was employed on a war project during the entire year 1943, intending to remain until May 1944, was entitled under section 116 (a) (1) of the Code as amended by section 148 (a) of the Revenue Act of 1942, to exclude from gross income for Federal income tax purposes for the taxable year 1943 the compensation received by him for personal services rendered in Canada during that year. The answer to the advice requested was stated in I. T. 3642 as follows:

In determining whether a citizen of the United States is a bona fide resident of a foreign country or countries within the meaning of section 116 (a) (1) of the Code, * * * the tests generally applicable will be those used in ascertaining whether an alien is a resident of the United States. * * * Mere physical presence in a foreign country or countries during the entire taxable year is not of itself sufficient to constitute a citizen of the United States a bona fide resident of such country or countries for the purpose of section 116 (a) (1) of the Code. The burden of proof is on the taxpayer to establish to the satisfaction of the Commissioner that he was a "bona fide resident" of a foreign country or countries throughout the entire taxable year.

A citizen of the United States who is employed in a foreign country on a war construction project and living in more or less temporary quarters which he will in all probability abandon upon the termination of such employment in the foreign country, must be classified as a transient (with respect to such foreign country), and not as a bona fide resident of a foreign country within the meaning of section 116 (a) (1) of the Internal Revenue Code, as amended, *supra*.

While the administrative interpretations in the form of "I. T's" do not, of course, have the same force and effect as departmental regu-

lations and rulings, it is believed that in a case such as we have here, where Congress has in express language vested in the Commissioner discretionary powers to determine certain questions of fact in the administration of the statute, the Commissioner's administrative interpretations in effect at the time the deficiency was determined should be accorded some consideration, particularly where they reveal a uniform and consistent practice. Of course, if the office construction given in I.T. 3642, *supra*, was wrong, it should be given no weight, but we are not convinced that it was wrong. While, as we have already said, petitioner for the entire year of 1943 was overseas and was rendering valuable and essential services to the war effort as an employee of Lockheed, nevertheless, we do not think it can be said, under the facts, that he was a "bona fide resident of a foreign country or countries" during such period under section 116. Following our decision in *Arthur J. H. Johnson, supra*, we decide this issue in favor of respondent.

The deficiency determined against Michael Downs did not impose any delinquency penalty because it was stated in the deficiency notice that "Taxpayer filed a nontaxable return for 1943 claiming exemption under Section 116 of the Internal Revenue Code."

In the determination of the deficiency against Eleanor J. Downs, the Commissioner added a delinquency penalty of 25 per cent, stating as a reason therefor: "Mrs. Downs did not file a return in the belief that her share of the community income was nontaxable income and that she had no filing requirement." The petition filed by her in Docket No. 9644 did not assign any error as to the imposition of this delinquency penalty. It simply alleged that in his determination of the deficiency the Commissioner "erroneously included the sum of $5438.50 earned outside the United States by tax-payer's husband, while a bona fide resident of North Ireland." Of course, if that allegation of error had been sustained there would have been no deficiency and therefore no penalty. Neither party in his brief discusses the delinquency penalty imposed in the case of Eleanor. Where a delinquency penalty has been imposed, the burden of proof is on the taxpayer to show that his failure to file a return was due to reasonable cause and not to willful neglect. No such showing has been made in the instant case. Therefore the delinquency penalty determined against petitioner Eleanor J. Downs must stand. See section 3612 (d)(1), I. R. C.; see also *Economy Savings & Loan Co.*, 5 T. C. 543.

Reviewed by the Court.

*Decisions will be entered for the respondent.*

LEECH, *J.*, dissents.