J. GERBER HOOFNEL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9117. Promulgated November 12, 1946.

*Robert A. Waring, Esq.*, for the petitioner.
*A. J. Hurley, Esq.*, for the respondent.

OPINION.

BLACK, *Judge*: This proceeding involves a deficiency in income tax for the year 1943 in the amount of $1,311.01. The deficiency includes an unforgiven tax liability for the taxable year 1942 in the amount of $172.60. That is why the year 1942 is involved.

Petitioner was paid $2,600 for his services overseas with Lockheed in 1942. If petitioner was absent from the United States more than six months in 1942, then the $2,600 is not taxable to him. Both parties agree on this. The applicable statute is section 116 of the Internal Revenue Code [1] as it existed before the 1942 Act amendment. The

---

[1] SEC. 116. EXCLUSIONS FROM GROSS INCOME.

In addition to the items specified in section 22 (b), the following items shall not be included in gross income and shall be exempt from taxation under this chapter:

(a) EARNED INCOME FROM SOURCES WITHOUT UNITED STATES.—In the case of an individual citizen of the United States, a bona fide nonresident of the United States for more than six months during the taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) if such amounts

statute in question has been interpreted to mean that the taxpayer must actually be physically absent from the United States for more than six months in the taxable year before he is entitled to the granted exemption. See *Commissioner* v. *Fiske's Estate*, 128 Fed. (2d) 487; *Commissioner* v. *Swent*, 155 Fed. (2d) 513.

The decision of the question whether petitioner was absent from the United States for more than six months in 1942 depends upon the answer to a simple question of law, namely: Is an American citizen "outside the United States" when he is aboard a vessel belonging to a foreign Government tied to a pier in New York Harbor? Petitioner boarded a British vessel in New York Harbor on June 30, 1942, bound for the British Isles. After he boarded the British vessel he was kept there and was not allowed to communicate with anyone on the outside. This was on account of guarding against submarine danger. The vessel, however, did not sail until the morning of July 1, 1942. Petitioner seems to argue that he was "outside the United States" the moment he boarded the British vessel. If that were true, then of course petitioner was absent from the United States all of July, August, September, October, November, and December and part of a day in June. That would mean that he was absent from the United States for more than six months in 1942 and would be entitled to have the $2,600 excluded from his income in 1942.

Respondent argues, however, that, although petitioner boarded the British vessel in New York Harbor on June 30, 1942, he did not sail until the morning of July 1 and that as long as he was in New York Harbor he was still in the United States, even though aboard a British vessel. We see no escape from this conclusion.

Whatever may be the International Maritime Law with respect to jurisdiction over crimes committed aboard foreign vessels, we do not think such law would have any application to such a question as we have here. While it may be true that for certain purposes British sovereignty extended over the vessel H. M. S. *Maloja* while she was anchored in New York Harbor, nevertheless for purposes of section 116 (a), *supra*, petitioner was not "outside the United States" as long as the ship remained at its pier in New York Harbor. Petitioner cites no case which would support his position on this issue and we do not know of any. We, therefore, hold on the facts that petitioner was not a bona fide nonresident of the United States for more than six months during the taxable year 1942 and the $2,600 in question should not be excluded from his income in 1942.

As to the $5,262.50 which petitioner received from Lockheed for overseas service in 1943, section 116 of the code, as amended by section

would constitute earned income as defined in section 25 (a) if received from sources within the United States; but such individual shall not be allowed as a deduction from his gross income any deductions properly allocable to or chargeable against amounts excluded from gross income under this subsection.

148 (a) of the Revenue Act of 1942, governs. That section is printed in the margin.[2] This same section of the statute and the applicable Treasury regulations were fully discussed by us in the recent cases of *Arthur J. H. Johnson*, 7 T. C. 1040, and *Michael Downs*, 7 T. C. 1053, both promulgated October 24, 1946. The facts in the case of *Michael Downs* were very similar to those present in the instant case. It did not involve the year 1942, but it did involve the year 1943, under facts which we think are not distinguishable from those which are present here. Therefore, following *Michael Downs, supra*, we decide the issue as to 1943 in favor of the respondent.

Reviewed by the Court.

*Decision will be entered for the respondent.*

Van Fossan and Leech, *JJ.*, dissent on the second point.

---

[2] SEC. 116. EXCLUSIONS FROM GROSS INCOME.

In addition to the items specified in section 22 (b), the following items shall not be included in gross income and shall be exempt from taxation under this chapter :

(a) EARNED INCOME FROM SOURCES WITHOUT THE UNITED STATES.—

(1) FOREIGN RESIDENT FOR ENTIRE TAXABLE YEAR.—In the case of an individual citizen of the United States, who establishes to the satisfaction of the Commissioner that he is a bona fide resident of a foreign country or countries during the entire taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) if such amounts would constitute earned income as defined in section 25 (a) if received from sources within the United States ; but such individuals shall not be allowed as a deduction from his gross income any deduction properly allocable to or chargeable against amounts excluded from gross income under this subsection.