OPINION. Black, Judge: There is but one issue in this proceeding and that is whether the $5,125 which the petitioner earned and received in 1943 while an employee of Lockheed is exempt from taxation under the provisions of section 116 of the Internal Revenue Code.[1] Both parties seem to agree that the applicable regulations are those printed in the margin.[2] The legislative history of section 116 of the code was fully discussed in Arthur J. H. Johnson, 7 T. C. 1040. Also, sections 29.116-1 and 29.211-2 of Treasury Regulations 111 were analyzed and discussed in that case. We shall not repeat that legislative history and discussion here. The facts in the instant case are in many respects the same as in Michael Downs, 7 T. C. 1053, now on review by the Ninth Circuit. In that casé we held that Michael Downs was not during 1943 a “bona fide resident of a foreign country or countries” within the meaning of section 116 of the Internal Revenue Code as amended by section 148 (a) of the Revenue Act of 1942 and that the salary which he received from Lockheed Overseas Corporation in 1943 was not exempt from taxation. Our decision in the Downs case is controlling here unless there are facts present in the instant case which would serve to distinguish it from the Downs case. The petitioner lays much stress in his brief on the fact that in 1942 he met an Irish girl and became engaged to marry her and that one condition which she made in accepting him as her future husband was that he would go into business in Ireland and reside there permanently. We have carefully considered all the facts in the record with respect to petitioner’s engagement and subsequent marriage in Ireland and we think that the most that these facts add up to when they are considered in their entirety is that at some future time petitioner and his wife intend to take up their residence in Ireland. That, of course, is not enough to make him a “bona fide resident” of Ireland in 1943, within the meaning of the statute. In the first place, it must be borne in mind that petitioner was a citizen of the United States and was registered for the draft with his local board in California and was only able to go abroad in a civilian capacity by permission of his draff; board, and this permission had to be renewed every six months. It seems to us that under these circumstances petitioner could not have changed his residence to Ireland, even if he had so desired. With reference to the nature of petitioner’s stay in Ireland under his contract with Lockheed, the following questions and answers ' occurred on cross-examination at the hearing: Q You could hardly have intended to stay In Ireland longer than six months, or at least until your permit to remain outside the country expired, could you? A Well, that depended on the draft board — requesting a renewal, you mean? Q Yes. A That was taken care of by Lockheed and certainly if the renewal was refused, I could see no other way but the Army would order us home. Q The renewal was based on your occupational deferment? A Correct. Q You couldn’t go into business and remain in Ireland? A Not during time of war, no. I found that out when I reached Ireland. Q You were under Army jurisdiction? You were not free to determine whether or not you would stay or not, were you A Any civilian in a theatre of operation is under jurisdiction of the Army during time of war. Just as soon as Lockheed finished its work in Ireland petitioner, along with other employees of Lockheed, returned to the United States. He reached the United States July 12, 1944. Three months later his wife came to the United States. Before coming she applied to the United States vice consul in Belfast, Ireland, for an immigration visa to the United States. She requested a visa not as a temporary visitor, but as a “quota immigrant.” The document contains the following statement: “That my purpose in going to the United States is to reside and I intend to remain permanently.” At the time of the hearing of this proceeding, petitioner and his wife and two children, the last one being born just prior to the hearing, were still in the United States ar.d petitioner was still employed by Lockheed in California, near Los Angeles. We have no disposition to question the fact that petitioner and his wife have a bona ñde intention to take up their permanent residence in Ireland at some time in the future and that petitioner intends to go in business there. But we are unable to find from the facts in the record that they have yet taken up their residence in Ireland. On the facts we have found that petitioner was not a bona fide resident of a foreign country during the taxable year 1943. This being so, following Michael Downs, supra, we sustain the determination of the respondent. Decision will he entered for the respondent. SEC. 116. EXCLUSIONS FROM GROSS INCOME. In addition to the items specified in section 22 (b), the following items shall not be included in grosB income and shall be exempt from taxation under this chapter: (a) Earned Income From Sources Without the United States.— (1) Foreign resident for entire taxahlb tear. — In the case of an Individual citizen of the United States, who establishes to the satisfaction of the Commissioner that he is a bona fide resident of a foreign country or countries during the entire taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) if such amounts would constitute earned income as defined in section 25 (a) if received from sources within the United States; but such Individuals shall not be allowed as a deduction from his gross income any deduction properly allocable to or chargeable against amounts excluded from gross income under this subsection. Sec. 29.116-1 [Regulation's 111]. Earned Income Prom Sources Without the United States. — For taxable years beginning after December 31, 1942, there is excluded from gross income earned income in the case of an Individual citizen of the United States provided the following conditions are met by the taxpayer claiming such exclusion from his gross income: (a) It is established to the satisfaction of the Commissioner that the taxpayer has been a bona fide resident of a foreign country or countries throughout the entire taxable years; (b) such income is from sourceB without the United States ; (o) the income constitutes earned income as defined in section 25 (a) if received from sources within the United States ; and (d) such income does not represent amounts paid by the United States or any agency or instrumentality thereof. * * • Whether the individual citizen of the United States is a bona fide resident of a foreign country shall be determined in general by the application of the principles of sections 29.211-2, 29.211-3, 29.211-4, and 29.211-5 relating to what constitutes residence or nonresidence, as the case may be, in the United States in the case of an alien individual. [[Image here]] Sec. 29.211-2. Definition. — * • • [[Image here]] An alien actually present in the United States who is not a mere transient or sojourner is a resident of the United States for purposes of the Income tax. Whether he is a transient is determined by his intentions with regard to the length and nature of his stay. A mere floating intention, indefinite as to time, to return to another country is not sufficient to constitute him a transient. If he lives in the United StateB and has no definite intention as to his stay, he is a resident. One who comes to the United States for a definite purpose which in its nature may be promptly accomplished is a transient; but if his purpose is of such a nature that an extended stay may be necessary for its accomplishment, and to that end the alien makes his home temporarily in the United States, he becomes a resident, though it may be his intention at all times to return to his domicile abroad when the purpose for which he came has been consummated or abandoned. An alien whose stay in the United States is limited to a definite period by the immigration laws is not a resident of the United States within the meaning of thiB section, in the absence of exceptional circumstances.