Angelo Massaro v. Commissioner.
Massaro v. Commissioner
Docket No. 9539.
United States Tax Court
1947 Tax Ct. Memo LEXIS 254; 6 T.C.M. (CCH) 374; T.C.M. (RIA) 47084; April 9, 1947
Angelo Massaro, pro se. Scott A. Dahlquist, Esq., for the respondent. HARLAN Memorandum Findings of Fact and Opinion HARLAN, Judge: The Commissioner determined a deficiency in income taxes against the petitioner for the calendar year 1943 in the amount of $471.86. The sole question is whether the compensation received by the petitioner while employed in Africa by Douglas Aircraft Co., Inc., is taxable under Section 116 (a) of the Internal Revenue Code. Findings of Fact The petitioner is an individual citizen of the United States, residing at 2060 Mapes Avenue in the Borough of Bronx, city and State of New York. The return for the period here involved was filed with the collector of internal revenue for the 14th district of *255 New York. Petitioner entered the employ of Douglas Aircraft Company, Inc., May 1, 1942. On May 28, 1942, he left the United States in the line of his employment and returned to the United States February 19, 1944. During the entire year 1943 he was stationed at-Eritrea, East Africa, and was continuously employed there by the Douglas Aircraft Company, Inc. His wife remained in the United States and resided in their home during the entire time he was away. The Douglas Aircraft Company, Inc., had a contract with the United States Government to do certain work in East Africa. While stationed at Eritrea, East Africa, the petitioner lived in quarters provided for him and was under certain restrictions of the United States Army. In order to leave the camp it was necessary for him to obtain a pass. Petitioner worked under a contract which was renewable every six months. At the end of any six months period he could have returned to the United States if he so desired. He actually stayed in East Africa a total of twenty-one months. He returned to the United States when the contract expired and the base abandoned. His return passage was provided by his employer. Petitioner did not pay *256 income tax to any other country on his earnings in 1942 and 1943 while stationed in East Africa. Petitioner did not at any time while in East Africa intend to relinquish his United States citizenship. Opinion In Arthur J. H. Johnson, 7 T.C. 1040, we considered a case under substantially similar facts to those involved here. There we held that "the Revenue Act of 1942 plainly imposed a new test, bona fide residence in a foreign country." We there held that where a citizen of the United States was temporarily stationed in a foreign country, lived in barracks, was supplied his food and lodging, was returned to the United States by his employer, his family remaining in the United States and he never intending to relinquish his United States citizenship, he was not a bona fire resident of the foreign country within the meaning of Section 116 (a) of the Internal Revenue Code as amended by Section 148 (a) of the Revenue Act of 1942. To the same effect is our decision in Michael Downs, 7 T.C. 1053. On the authority of the above cases we hold that the petitioner here was not a bona fide resident of East Africa in 1943 while stationed *257 there in the employ of Douglas Aircraft Company, Inc., within the meaning of Section 116 (a), I.R.C., as amended by the Revenue Act of 1942, and the determination of the Commissioner is sustained. Decision will be entered for the respondent.