DUDLEY A. CHAPIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

LEOLA B. CHAPIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket Nos. 8728, 8729.   Promulgated July 31, 1947.

*John Moore Robinson, Esq.*, for the petitioners.
*A. J. Hurley, Esq.*, for the respondent.

144

OPINION.

LEECH, *Judge*: The issue is determined by the ultimate fact as to whether petitioner Dudley A. Chapin was a bona fide resident of the British Isles during the year 1943 within the provisions of section 116 of the Internal Revenue Code.[1] The determinative underlying facts established by the record are almost identical with those considered by us in *Arthur J. H. Johnson*, 7 T. C. 1040; *Michael Downs*, 7 T. C.

---

[1] SEC. 116. EXCLUSIONS FROM GROSS INCOME.

In addition to the items specified in section 22 (b), the following items shall not be included in gross income and shall be exempt from taxation under this chapter:

(a) EARNED INCOME FROM SOURCES WITHOUT THE UNITED STATES.—

(1) FOREIGN RESIDENT FOR ENTIRE TAXABLE YEAR.—In the case of an individual citizen of the United States, who establishes to the satisfaction of the Commissioner that he is a bona fide resident of a foreign country or countries during the entire taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) if such amounts would constitute earned income as defined in section 25 (a) if received from sources within the United States; but such individuals shall not be allowed as a deduction from his gross income any deductions properly allocable to or chargeable against amounts excluded from gross income under this subsection.

*     *     *     *     *     *     *

1053; and *Ralph Love*, 8 T. C. 400. Indeed, the petitioners in the last two cases cited were fellow-employees of this petitioner and had gone to North Ireland in the employ of the Lockheed Overseas Corporation under contracts identical to the one executed by the petitioner, and performed services for Lockheed under the same rules and regulations governing this petitioner.

There is only one difference between the evidence in this case and that in the cited cases. The petitioner here testifies, with some qualifications, that when he proceeded to Ireland under the Lockheed contract it was his intention to remain there permanently. This testimony is less than convincing. It is difficult to believe in view of the fact that he admits that he had never been to Ireland, that he knew nothing of the country except what he had read, and that the pay of workers in Ireland was far below that received by them in the United States. Moreover, it would have been impossible for him to have remained in Ireland, since he was not permitted to stay after the expiration of his contract and the termination of the visa period.

We hold that petitioner is concluded by the *Johnson, Downs*, and *Love* cases cited above, and that he was not a bona fide resident of. the British Isles during 1943.

*Decisions will be entered for the respondent.*