Edgar G. Hull v. Commissioner.
Edgar G. Hull v. Commissioner
Docket No. 23849.
United States Tax Court
1951 Tax Ct. Memo LEXIS 300; 10 T.C.M. (CCH) 194; T.C.M. (RIA) 51101; March 9, 1951
*300 Edgar G. Hull, pro se. A. J. Hurley, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $955.01 in income tax of the petitioner for 1945. The only issue for decision is whether the petitioner was a "bona fide resident" of Saudi-Arabia during 1945 within the meaning of section 116(a)(1). Findings of Fact The petitioner resided with his wife and two minor children in a trailer near Los Angeles just prior to October 20, 1944. He had worked for many years as a warehouseman. He signed a contract for temporary employment with Compania Constructora Bechtel-McCone, S.A., for work in Ras Tanura, Saudi-Arabia. The employer was building a refinery there for the Arabian-American Oil Company. The employment was for a term of 18 months. The petitioner left Los Angeles on October 20, 1944 and, with many other employees of the same employer, reached Saudi-Arabia on or about December 26, 1944. He completed his work and left Saudi-Arabia on April 4, 1946, to return to his family in Los Angeles where he obtained employment as a warehouseman in the United States. The employer provided transportation to and *301 from Saudi-Arabia, lodging in a barracks, and food in a mess hall for the petitioner and other employees during the employment. Employees were restricted in their travel while in Saudi-Arabia. The petitioner had a passport issued by the State Department of the United States for the purpose of his trip. He paid no taxes in Saudi-Arabia. The petitioner's family remained in or near Los Angeles while he was gone. He had no thought of taking them to Saudi-Arabia while he was there. The petitioner received $6,360.04 as compensation for his service during 1945 while working in Saudi-Arabia. That was more than he could earn in the United States. The petitioner was not a bona fide resident of Saudi-Arabia during any part of 1945 within the meaning of section 116(a)(1), Internal Revenue Code. Opinion MURDOCK, Judge: This case must go against the petitioner upon authority of prior decisions. See Arthur J. H. Johnson, 7 T.C. 1040; Michael Downs, 7 T.C. 1053, affirmed 166 Fed. (2d) 504, cert. den. 334 U.S. 832. Decision will be entered for the respondent.