Arthur W. Noyes v. Commissioner.
Arthur W. Noyes v. Commissioner
Docket No. 23627.
United States Tax Court
1951 Tax Ct. Memo LEXIS 271; 10 T.C.M. (CCH) 294; T.C.M. (RIA) 51087; April 3, 1951
*271 Darius F. Johnson, Esq., 216 Rowan Bldg., Los Angeles, Calif., for the petitioner. A. J. Hurley, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $1,342.91 in the income tax of the petitioner for 1945. The only issue for decision is whether the petitioner was a bona fide resident of a foreign country or countries during the entire taxable year 1945 so that amounts received for his personal services are to be excluded from gross income under section 116(a). Findings of Fact The petitioner, a citizen of the United States, filed his individual income tax return for 1945 with the collector of internal revenue for the district of Wisconsin. The petitioner, prior to 1944, was living with his wife and their one child in a home owned jointly by the petitioner and his wife in California. He had been occupied for many years as a welder. He signed a temporary employment agreement on August 10, 1944 to render services at Bahrein Island in the Persian Gulf for Compania Constructora Bechtel-McCone S. A. which was construction contractor for some work being done at that place for the Bahrein Petroleum *272 Company, Ltd. The petitioner rented his home in California, sold his furniture, took his wife and child to the wife's parents' home in Wisconsin and left the United States for his new employment on September 1, 1944. He arrived at Bahrein Island on October 10, 1944 and, at that time, signed a contract of employment with Compania Constructora Bechtel-McCone S. A. as a pressure vessel welder for a period of 18 months at a salary of $450 per month. The company furnished him all meals and sleeping accommodations. The contract could be terminated by either party upon the giving of notice of one month but the employee was required to depart from the zone of operations on the date specified by the company upon termination of the employment. The employer paid the petitioner passage from and to the United States. The term of the employment could be extended. The compensation for the petitioner was deposited in a bank in Shawano, Wisconsin, from which the petitioner's wife could withdraw money. The petitioner, on March 17, 1945, transferred, by mutual consent of himself and his employer, from Bahrein Island to work which the same contractor was doing in Saudi-Arabia and took up his work *273 at the new location within a day or two. The petitioner received an injury to his ear while working on April 12, 1945. Thereafter, he received medical treatment for the injury from time to time, including some hospitalization. He continued to do some work during that time. His place of employment was changed once or twice so that he would be nearer the source of the medical care which he needed. Finally, he decided to return to the United States so that he might better recover from his injury. He left Saudi-Arabia on January 27 to return to the United States and he arrived in the United States on January 31, 1946, at which time his employment terminated. The petitioner, after returning to the United States, received further medical attention for his injury. He obtained employment in Wisconsin until about July 1946 at which time he returned to California and has since been employed there by the firm for which he worked while formerly in California. He applied for re-employment in foreign countries almost immediately after his return but never obtained such employment up to the date of the hearing although he continued to seek such employment. The Commissioner, in explaining the *274 determination of the deficiency, stated that the taxpayer had indicated on his return the receipt of $7,216.92 for personal services but considered the entire amount due to foreign employment. He further explained that deductions were not itemized. A standard deduction of $500 had been allowed. He computed the deficiency based upon corrected income of $6,716.92. The petitioner was not a bona fide resident of any foreign country or countries during any part of 1945 within the meaning of section 116(a)(1), Internal Revenue Code. Opinion MURDOCK, Judge: This case must go against the petitioner upon authority of prior decisions. See Arthur J. H. Johnson, 7 T.C. 1040; Michael Downs, 7 T.C. 1053, affirmed 166 Fed. (2d) 504, certiorari denied 334 U.S. 832. Decision will be entered for the respondent.