**F. A. MOORE and wife, Julia F. Moore, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 1240.**

United States District Court
S. D. Texas,
Brownsville Division.

Jan. 29, 1960.

Stafford, Atlas & Spilman, Robert L. Schwarz, McAllen, Tex., for plaintiffs.

Charles K. Rice, Asst. Atty. Gen., James P. Garland, Myron C. Baum and Robert L. Littenberg, Attys., Dept. of Justice, Washington, D. C., and William B. Butler, U. S. Atty., Houston, Tex., for defendant.

INGRAHAM, District Judge.

F. A. Moore, hereinafter called taxpayer, joined by his wife, sues for refund of Federal income taxes paid for the years 1953, 1954 and 1955. Taxpayer's claim is made under the provisions of Section 911(a) (1) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 911(a) (1) (Section 116(a) (1), Code of 1939), 26 U.S.C.A. § 116(a) (1), which reads as follows:

"The following items shall not be included in gross income and shall be exempt from taxation under this subtitle:

"(1) Bona fide resident of foreign country.—In the case of an individual citizen of the United States, who establishes to the satisfaction of the Secretary or his delegate that he has been a bona fide resident of a foreign country or countries for an uninterrupted period which includes an entire taxable year, amounts received from sources without the United States (except amounts paid

by the United States or any agency thereof) if such amounts constitute earned income (as defined in Subsection (b) ) attributable to such periods; that such individual shall not be allowed as a deduction from his gross income any deductions (other than those allowed by section 151, relating to personal exemptions) properly allocable to or chargeable against amounts excluded from gross income under this paragraph."

Regulation 1.911–1(2) (2), providing the test for bona fide residency, reads as follows:

"Though the period of bona fide foreign residence must be continuous and uninterrupted, once a bona fide residence in a foreign country or countries has been established temporary visits to the United States or elsewhere on vacation or business trips will not necessarily deprive the citizen of his status as a bona fide resident of a foreign country. Whether the individual citizen of the United States is a bona fide resident of a foreign country shall be determined by the application, to the extent feasible, of the principles of Section 871 and the regulations thereunder relating to what constitutes residence or non-residence as the case may be in the United States, in the case of an alien individual."

These statutes provide an exemption from taxation for earned income received from sources outside the United States of an individual citizen of the United States who establishes to the satisfaction of the Secretary of the Treasury or his delegate that he has been a bona fide resident of a foreign country or countries for an uninterrupted period which includes an entire taxable year.

Taxpayer contends that he was a bona fide resident of the Republic of Mexico during the calendar years 1953, 1954 and 1955 and that all income earned by him in Mexico during said period was exempt from Federal income taxes. During this period he was employed by Geophysical Services, Inc., in whose employ he had been for many years, as chief of a seismograph party engaged in exploratory work in Mexico for the benefit of its client, Petroleos Mexicanos, the Mexican national oil company. During taxpayer's services in Mexico he was paid directly by Petroleos Mexicanos in accordance with contract between it and Geophysical Services, Inc. Taxpayer had worked in Mexico, for such employer and under same or similar arrangements, on previous occasions. He had commenced this particular tour of duty in Mexico in April 1950. In January 1951 he bought a home and moved his family to McAllen, Texas, near the Mexican border.

The usual work week for taxpayer, and others similarly employed, was 5 days of work and 2 days of rest, or expressed in another way, 5 days on and 2 days off. For the convenience of the employees the work weeks were placed "back to back", thereby effecting a system whereby the employee would work 10 days continuously, followed by 4 continuous off days. During the 10-day work period taxpayer and others similarly employed lived at a base camp provided by Petroleos Mexicanos. No American family lived at the base camp. During taxpayer's employment in Mexico, his base camp was moved several times but was usually within a radius of 100 miles from the Texas border, with the greatest distance from McAllen being 100 miles, or less, except for a short period of time when the camp was located about 350 miles from McAllen.

It was the practice of taxpayer to spend most of his 4-day off periods with his family at McAllen, in addition to vacations and holidays, although some of such 4-day periods were spent in Mexico. He was well known to neighbors and others in McAllen. He carried an account with the First National Bank of McAllen during the period in question and was a member of the McAllen Elks Club during the period from 1952 to 1956. He contends that he spent less than ten per cent of his time in the United States during the period in question.

Defendant contends that taxpayer was not a bona fide resident of Mexico during the taxable years, because he did not establish a residence in terms of maintaining a real home establishment or of assuming the obligations of such a home in the foreign country. Johnson v. Commissioner, 7 T.C. 1040; Downs v. Commissioner, 7 T.C. 1053; Jones v. Kyle, 10 Cir., 1951, 190 F.2d 353; Ingram v. Bowers, D.C.S.D.N.Y.1931, 47 F.2d 925. On the contrary, it appears that his only home, except for quarters in the company camp, was at McAllen.

It is the opinion of the court that taxpayer was not a bona fide resident of Mexico within the meaning of the statutes cited and that he is not entitled to an exemption from taxation of earned income from sources outside the United States for that period. Judgment will be entered for defendant. Clerk will notify counsel to draft and submit judgment accordingly.