CHARLES F. BOULDIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8560. Promulgated May 6, 1947.

*Joseph D. Brady, Esq.*, and *Willom A. Henderson, Esq.*, for the petitioner.

*A. J. Hurley, Esq.*, for the respondent.

## OPINION.

BLACK, *Judge*: In this proceeding there is no dispute but that petitioner was physically present in Canada during the entire year of 1943, that the $16,790.08 paid to him by his employers was earned income under section 25 (a) of the Internal Revenue Code, and that the amounts weré not paid by the United States or any agency thereof. Thus we have only one issue to determine, and that is whether petitioner was a bona fide resident of Canada during the entire taxable year 1943. The applicable statute is section 116 (a) (1) of the Internal Revenue Code.[1]

Section 29.116–1, Regulations 111, provides in material part:

* * * Whether the individual citizen of the United States is a bona fide resident of a foreign country shall be determined in general by the application of the principles of sections 29.211–2, 29.211–3, 29.211–4 and 29.211–5 relating to what constitutes residence or nonresidence, as the case may be, in the United States in the case of an alien individual.

---

[1] SEC. 116. EXCLUSIONS FROM GROSS INCOME.

In addition to the items specified in section 22 (b), the following items shall not be included in gross income and shall be exempt from taxation under this chapter:

(a) EARNED INCOME FROM SOURCES WITHOUT THE UNITED STATES.—

(1) FOREIGN RESIDENT FOR ENTIRE TAXABLE YEAR.—In the case of an individual citizen of the United States, who establishes to the satisfaction of the Commissioner that he is a bona fide resident of a foreign country or countries during the entire taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) if such amounts would constitute earned income as defined in section 25 (a) if received from sources within the United States; * * *

Section 29.211-2, referred to in the above is printed in part in the margin.[2]

The legislative history of the applicable statute was fully discussed in *Arthur J. H. Johnson*, 7 T. C. 1040. Likewise the Treasury regulations which are pertinent to the interpretation of the statute were analyzed and discussed in that case. We shall not repeat that discussion here.

Residence is, of course, mainly a question of fact and each case naturally must be determined upon its own facts. In determining the issue which we have here to decide, it should be kept in mind that we do not have to determine where petitioner was domiciled in 1943. Our task is to determine whether petitioner was "a bona fide resident of a foreign country during the entire taxable year." As was said by this Court in *Walter J. Baer*, 6 T. C. 1195:

> It must be kept in mind that "resident" and "domicile" have different meanings in the law. In Mertens Law of Federal Income Taxation, vol. 3, sec. 19.31, it is said:
>
> "The words 'residence' and 'domicile' are often confused; a person may have several places of residence but only one domicile. Any temporary place of abode may be a residence, but a domicile is a place of abode fixed and permanent or, at least, of indefinite duration. * * *"

So our question is: Was petitioner a bona fide resident of Canada during the entire year 1943 within the meaning of section 116 (a) (1) of the Internal Revenue Code? As we have already stated, the Treasury, in providing regulations for the interpretation of this section of the statute, has provided that in determining residence the same regulations shall be used as are used in determining whether an alien is a resident of the United States. Section 29.211-4 of Regulations 111 prescribes the manner of "Proof of Residence of Alien." Among other things, this regulation says:

> * * * An alien, by reason of his alienage, is presumed to be a nonresident alien. Such presumption may be overcome—
>
> (1) In the case of an alien who presents himself for determination of tax liability prior to the departure for his native country, by * * * (c) proof

---

[2] An alien actually present in the United States who is not a mere transient or sojourner is a resident of the United States for purposes of the income tax. Whether he is a transient is determined by his intentions with regard to the length and nature of his stay. A mere floating intention, indefinite as to time, to return to another country is not sufficient to constitute him a transient. If he lives in the United States and has no definite intention as to his stay, he is a resident. One who comes to the United States for a definite purpose which in its nature may be promptly accomplished is a transient; but if his purpose is of such a nature that an extended stay may be necessary for its accomplishment, and to that end the alien makes his home temporarily in the United States, he becomes a resident, though it may be his intention at all times to return to his domicile abroad when the purpose for which he came has been consummated or abandoned. An alien whose stay in the United States is limited to a definite period by the immigration laws is not a resident of the United States within the meaning of this section, in the absence of exceptional circumstances.

ot acts and statements of the alien showing a definite intention to acquire residence in the United States or showing that his stay in the United States has been of such an extended nature as to constitute him a resident.

Inasmuch as the foregoing regulation is to be used also in determining whether there is proper proof that a United States citizen was a "bona fide resident of a foreign country during the entire taxable year" within the meaning of section 116 (a), it, of course, must be paraphrased. A correct paraphrase of the foregoing language in such a case as we have here would seem to be as follows:

A United States citizen, by reason of his citizenship, is presumed to be a United States resident. Such a presumption may be overcome—

(1) In the case of a United States citizen who presents himself for determination of tax liability prior to departure from Canada to the United States, by * * * (c) proof of acts and statements of the United States citizen showing a definite intention to acquire residence in Canada or showing that his stay in Canada has been of such an extended nature as to constitute him a Canadian resident.

Tested by the foregoing requirements of proof and also by section 29.211-2, printed in the margin *supra*, we think petitioner has met his burden of proof of showing that during the entire year of 1943 he was a bona fide resident of Canada. We shall not undertake here to repeat the facts which have led us to this conclusion. They are fully stated in our findings of fact and it is unnecessary to repeat them here. It is sufficient to say that in our judgment the facts constitute proof of acts and statements of the taxpayer showing a definite intention to acquire residence in Canada within the meaning of the applicable statute and regulations. This residence we think was acquired sometime in 1942 and certainly persisted throughout the year 1943. Beyond that date we do not have to decide, because we have only the year 1943 before us.

The only unfavorable circumstance so far as we can see bearing upon petitioner's contention that he was a resident of Canada during the entire year 1943 is the fact that he did not pay any income tax to Canada for that year. When interrogated on this subject by respondent's counsel on cross-examination, petitioner answered as follows:

Q. Was it your idea that the Canadian Government did not impose any income tax on nonresidents during the year 1943?

A. I knew that the tax would not be imposed because there was a treaty on taxes on these particular projects, and I was operating under an employment contract that if these taxes were levied, they would be refunded.

Petitioner then went on to state that paragraph 13 of his contract with his employers provided that they would reimburse him for any income tax which he might have to pay Canada on his salary. The so-called treaty with Canada to which petitioner referred in his testimony quoted above was evidently the agreement between the United States and Canada respecting the Canol project, effected by exchange

of notes signed at Ottawa June 27 and June 29, 1942, effective June 29, 1942. See vol. 57, part 2, p. 1413, U. S. Stat. L. We take judicial notice of this agreement. For its part in this agreement, the United States Government asked the Canadian Government, among other things, to agree: " * * * (c) to remit during the war royalties on oil production and income tax on the income of persons (including corporations) resident in the United States, who are employed on the construction or maintenance of the project." The foregoing proposal was accepted by the Canadian Government. It will be noted that in such agreement the Canadian Government only waived income taxes of those who were employed on the project and who were *residents* of the United States.

Therefore, if petitioner's contention is correct, and we think it is, that ·during the entire year of 1943 he was a bona fide resident of Canada, then it seems he was not affected by the foregoing provision and should have paid income tax to the Canadian Government on the $16,790.08 here in question. However, we do not have that question before us and we do not think that his failure to do so is a sufficient circumstance to outweigh what seems to us to be the preponderance of the evidence to the effect that petitioner was a bona fide resident of Canada in 1943. We so hold.

The instant case, we think, is clearly distinguishable on its facts from *Arthur J. H. Johnson, supra; Michael Downs,* 7 T. C. 1053; *J. Gerber Hoefnel,* 7 T. C. 1136; and *Ralph Love,* 8 T. C. 400. We think the instant case falls more within the ambit of *John Ernest Goldring,* 36 B. T. A. 779.

Reviewed by the Court.

*Decision will be entered for the petitioner.*