HERMAN FREDERICK BAEHRE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18821.   Promulgated September 20, 1950.

*Leonard L. Scott, Esq.*, for the petitioner.
*Stanley B. Anderson, Esq.*, for the respondent.

OPINION.

BLACK, *Judge:* The only question in this proceeding is whether the compensation which petitioner received during the years 1942, 1943, and 1944 for services rendered in the Dominion of Canada is includible in his taxable income within the meaning of sections 116 (a) (1) and (2) of the Internal Revenue Code as amended by section 148 (a) of the Revenue Act of 1942.[1]

Petitioner contends that in accordance with the provisions of section 116 (a) (1) compensation received in 1943 for services rendered in Canada is to be excluded from gross income because petitioner was a bona fide resident of Canada during the entire taxable year 1943. Petitioner also contends that the compensation received in 1942 and 1944 is excludible from gross income in accordance with section 116 (a) (2) because he was a bona fide resident of Canada for at least two years ending October 1, 1944.

Respondent contends that petitioner was not a bona fide resident of Canada during the years 1942, 1943, and 1944, and that, therefore, section 116 does not apply to petitioner and the compensation involved is includible in taxable income. Respondent recognizes that if petitioner was a bona fide resident of Canada for the entire year 1943, section 116 (a) (1) does apply to the compensation received in

---

[1] SEC. 148. INCOME FROM SOURCES WITHOUT UNITED STATES IN CERTAIN CASES.

(a) EXCLUSION OF EARNED INCOME FROM FOREIGN SOURCES.—Section 116 (a) (relating to earned income from sources without the United States) is amended to read as follows:

"(a) EARNED INCOME FROM SOURCES WITHOUT THE UNITED STATES.—

"(1) FOREIGN RESIDENT FOR ENTIRE TAXABLE YEAR.—In the case of an individual citizen of the United States, who establishes to the satisfaction of the Commissioner that he is a bona fide resident of a foreign country or countries during the entire taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) if such amounts would constitute earned income as defined in section 25 (a) if received from sources within the United States: but such individual shall not be allowed as a deduction from his gross income any deductions properly allocable to or chargeable against amounts excluded from gross income under this subsection.

"(2) TAXABLE YEAR OF CHANGE OF RESIDENCE TO UNITED STATES.—In the case of an individual citizen of the United States, who has been a bona fide resident of a foreign country or countries for a period of at least two years before the date on which he changes his residence from such country to the United States, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof), which are attributable to that part of such period of foreign residence before such date, if such amounts would constitute earned income as defined in section 25 (a) if received from sources within the United States ; but such individual shall not be allowed as a deduction from his gross income any deductions properly allocable to or chargeable against amounts excluded from gross income under this subsection."

1943 for services rendered in Canada. Respondent also recognizes that if petitioner was a bona fide resident of Canada for at least two years ending October 1, 1944, then under section 116 (a) (2) income which was received in 1944 from Miller for services rendered in Canada is excludible from gross income. Respondent contends, however, that the income received in 1942 is not in any event excludible from gross income for it cannot be brought within the provisions of section 116 (a). That part of Treasury Regulations 111 (as amended by T. D. 5373, 1944, C. B. 143) which deals with section 116 (a), as amended, reads as printed in the margin.[2]

The legislative history of section 116 was discussed in *Arthur J. H. Johnson*, 7 T. C. 1040, wherein it is stated that, "* * * the criteria as to whether a taxpayer is a resident of a foreign country were to be, generally, those applicable in ascertaining whether an alien is a resident of the United States." Section 29.116-1 of respondent's Regulations 111 printed in the margin incorporates this concept by referring to the principles of section 29.211-2 of the Regulations which section relates to what constitutes residence or nonresidence in the United States of an alien individual. Section 29.211-2 of Regulations 111 is printed in the margin.[3]

---

[2] SEC. 29.116-1. EARNED INCOME FROM SOURCES WITHOUT THE UNITED STATES.—For taxable years beginning after December 31, 1942, there is excluded from gross income earned income in the case of an individual citizen of the United States provided the following conditions are met by the taxpayer claiming such exclusion from his gross income: (*a*) It is established to the satisfaction of the Commissioner that the taxpayer has been a bona fide resident of a foreign country or countries throughout the entire taxable year; (*b*) such income is from sources without the United States; (*c*) such income would constitute earned income as defined in section 25 (a) if received from sources within the United States for taxable years beginning before January 1, 1944, or as defined in section 116 (a) (3) for taxable years beginning after December 31, 1943; and (*d*) such income does not represent amounts paid by the United States or any agency or instrumentality thereof. Hence, a citizen of the United States taking up residence without the United States in the course of the taxable year is not entitled to such exemption for such taxable year. However, once bona fide residence in a foreign country or countries has been established, temporary absence therefrom in the United States on vacation or business trips will not necessarily deprive such individual of his status as a bona fide resident of a foreign country. Whether the individual citizen of the United States is a bona fide resident of a foreign country shall be determined in general by the application of the principles of sections 29.211-2, 29.211-3, 29.211-4, and 29.211-5 relating to what constitutes residence or nonresidence, as the case may be, in the United States in the case of an alien individual.

For any taxable year beginning after December 31, 1941, in the case of an individual citizen of the United States, there shall be excluded from gross income earned income from sources without the United States derived during the period of his foreign residence if (*a*) such citizen was a bona fide resident of a foreign country or countries for at least two years prior to the date upon which he became a resident of the United States and ceased to be a resident of such foreign country or countries; (*b*) such income would constitute earned income as defined in section 25 (a) if received from sources within the United States for taxable years beginning before January 1, 1944, or as defined in section 116 (a) (3) for taxable years beginning after December 31, 1943; and (*c*) such income does not represent amounts paid by the United States or any agency or instrumentality thereof. * * *

[3] SEC. 29.211-2. DEFINITION.—A "nonresident alien individual" means an individual—
(*a*) Whose residence is not within the United States; and
(*b*) Who is not a citizen of the United States.
The term includes a nonresident alien fiduciary.

Whether petitioner was a bona fide resident of Canada during the years 1942, 1943, and 1944, is a question of fact. *Charles F. Bouldin,* 8 T. C. 959. Shortly after petitioner's arrival in Canada, on or about August 23, 1942, his family joined him in Edmonton, Canada, and brought with them all of their possessions, including furniture and automobile. This was sometime in the month of September 1942. Thereafter petitioner and his family lived in an apartment in Edmonton and took part in the community activities. Petitioner had no home in the United States from the time of his family's arrival until his return to Linton, Indiana, on October 1, 1944. Petitioner does not contend that he changed his domicile or had any intention of doing so; however, a change of domicile is not necessary to come within the provisions of section 116 (a) (1). In *Charles F. Bouldin, supra,* we held on somewhat similar facts that petitioner was a bona fide resident of Canada. We believe that petitioner in the instant proceeding was a bona fide resident of Canada from the time that petitioner moved from his hotel room to an apartment (about 10 days after his arrival on August 23, 1942) until his departure for Linton, Indiana, on October 1, 1944.

The instant proceeding is distinguishable on its facts from *Arthur J. H. Johnson, supra; Michael Downs,* 7 T. C. 1053, affd., 166 Fed. (2d) 504, certiorari denied, 334 U. S. 832; *J. Gerber Hoofnel,* 7 T. C. 1136, affd., 166 Fed. (2d) 504, certiorari denied, 334 U. S. 833. We think that the instant proceeding is more akin to *Charles F. Bouldin, supra,* and *Swenson* v. *Thomas,* 164 Fed. (2d) 783.

A determination that petitioner was a bona fide resident of Canada for at least two years prior to October 1, 1944, leaves no dispute as to the excludible income for 1943 and 1944, for the income received in 1943 is excludible under section 116 (a) (1) and the income received in 1944 from without the United States is excludible under section 116 (a) (2).

There is, however, a question raised by petitioner's assignments of error as to the exclusion of income received in 1942. We hold that the income received in 1942 is not excludible from gross income because

---

An alien actually present in the United States who is not a mere transient or sojourner is a resident of the United States for purposes of the income tax. Whether he is a transient is determined by his intentions with regard to the length and nature of his stay. A mere floating intention, indefinite as to time, to return to another country is not sufficient to constitute him a transient. If he lives in the United States and has no definite intention as to his stay, he is a resident. One who comes to the United States for a definite purpose which in its nature may be promptly accomplished is a transient; but if his purpose is of such a nature that an extended stay may be necessary for its accomplishment, and to that end the alien makes his home temporarily in the United States, he becomes a resident, though it may be his intention at all times to return to his domicile abroad when the purpose for which he came has been consummated or abandoned. An alien whose stay in the United States is limited to a definite period by the immigration laws is not a resident of the United States within the meaning of this section, in the absence of exceptional circumstances.

petitioner was not a bona fide nonresident of the United States for more than six months in that year. Under the provisions of section 148 (b), Revenue Act of 1942, the provisions of section 116 (a) (1) were made applicable with respect to taxable years beginning after December 31, 1942. The corresponding provisions applicable with respect to taxable years beginning in 1942 are as follows:

* * * In the case of an individual citizen of the United States, a bona fide nonresident of the United States for more than six months during the taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) if such amounts would constitute earned income as defined in section 25 (a) if received from sources within the United States; but such individual shall not be allowed as a deduction from his gross income any deductions properly allocable to or chargeable against amounts excluded from gross income under this subsection.

Petitioner does not contend that he was a nonresident of the United States for more than six months in the taxable year 1942. He does contend, however, that because of the amendment to section 116 carried in the Revenue Act of 1942 he is entitled to exclude the income which he received in 1942 from sources "without the United States." In making this contention he relies upon that part of section 116 (a) (2) which reads in part as follows:

(2) Taxable year of change of residence to United States.—In the case of an individual citizen of the United States, who has been a bona fide resident of a foreign country or countries for a period of at least two years before the date on which he changes his residence from such country to the United States, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof), which are attributable to that part of such period of foreign residence before such date, * * *.

It is clear that without such a provision as the above in the law, petitioner would not be entitled to exclude from his taxable income of 1944 the $5,355.23 which he received from Miller for his services in Canada for the period beginning January 1, 1944 and ending October 1, 1944. He was not a resident of Canada in 1944 for the entire year but only 9 months of that year. He is entitled, however, under the above-quoted provisions to exclude the $5,355.23 in question from his 1944 taxable income because he had been a resident of Canada for more than two years prior to his return to the United States. This much respondent concedes, if we hold as we have done that petitioner acquired a residence in Canada in September of 1942.

Respondent does contend, however, as we have already stated, that section 116 (a) (2) has no application to the $2,108.96 which petitioner received in 1942 from Miller for his services in Canada. In this contention, we think, respondent is correct. It should be noted that the caption of section 116 (a) (2) reads: "Taxable year of change of residence to United States." It seems clear that the language which follows the caption is intended to cover the part of the year of

the change of residence back to the United States. Without this language the income received for services without the United States for the part of the year of return would not be excludible from taxable income because section 116 (a) (1) provides that only such income shall be excludible where the taxpayer has been a bona fide resident of a foreign country for the "entire taxable year."

In *Swenson* v. *Thomas, supra,* the court, after pointing out that the changes in section 116 made by section 148 (a) of the Revenue Act of 1942 were made to tighten up the law so as to require bona fide residence in a foreign country for an entire year rather than to be a "nonresident of the United States for a period of six months" as under the old law, says:

   * * * The act goes on to provide that if such foreign residence has lasted for two years and return to the United States occurs during a subsequent year, the exemption may be claimed proportionally for the subsequent year although the foreign residence had not continued for *all* of that year. * * * [Emphasis added].

While it is true that the above language of the Fifth Circuit in the *Swenson* v. *Thomas* case was *dicta* because the court did not have before it for decision the question which we now have to decide, nevertheless, we think that what it said with reference to the meaning and purpose of section 116 (a) (2) was correct.[4] That is our construction of its meaning. Therefore, petitioner's contention that the $2,108.96 which he received from Miller in 1942 for his services in Canada should be excluded from his taxable income, is not sustained.

                   *Decision will be entered under Rule 50.*

---

[4] See Senate Report 1631 77th Cong. 2nd Session (1942).