## David E. Rose, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 22605.    Promulgated January 29, 1951.

*Courtland Kelsey, Esq.*, and *Marshall A. Jacobs, Esq.*, for the petitioner.

*William F. Evans, Esq.*, for the respondent.

OPINION.

HARRON, *Judge:* The issue in this proceeding is whether petitioner is entitled under section 116 (a) to exclude from his gross income sums paid to him during the years 1943, 1944, 1945, and 1946 for personal services which he rendered in Great Britain.

Petitioner contends that the compensation which he received during 1943, 1944, and 1945 for personal services rendered without the United States is not includible in his gross income for those years under section 116 (a) (1) because he was a bona fide resident of Great Britain during the entire period of each of those years. Petitioner also contends that the compensation which he received during 1946 for personal services rendered without the United States is not includible in his gross income for that year under section 116 (a) (2) because he had been a bona fide resident of Great Britain for at least two years prior to the date on which he changed his residence to the United States in that year. Respondent, however, contends that the income in question is not excludible from petitioner's gross income because petitioner was not a bona fide resident of Great Britain for the entire taxable year during any of the years involved.

The question of whether petitioner was a bona fide resident of Great Britain during the years involved is one of fact, *Audio Gray Harvey,* 10 T. C. 183; *Charles F. Bouldin,* 8 T. C. 959, and the criteria to be used in determining the question are the same as those which are applicable in determining whether an alien is a resident of the United States. *Arthur J. H. Johnson,* 7 T. C. 1040; *Herman Frederick Baehre,* 15 T. C. 236; *Seeley* v. *Commissioner* (CA-2), 186 Fed. (2d) 541, affirming in part and reversing in part 14 T. C. 175; Regulations 111, section 29.116-1. These criteria are listed in Regulations 111, section 29.211-2, reprinted in the margin,[1] and are precisely applicable to the instant proceeding. They all point conclusively to the conclusion

[1] An alien actually present in the United States who is not a mere transient or sojourner is a resident of the United States for purposes of the income tax. Whether he is a transient is determined by his intentions with regard to the length and nature of his stay. A mere floating intention, indefinite as to time, to return to another country is not sufficient to constitute him a transient. If he lives in the United States and has no definite intention as to his stay, he is a resident. One who comes to the United States for a definite purpose which in its nature may be promptly accomplished is a transient; but if his purpose is of such a nature that an extended stay may be necessary for its accomplishment, and to that end the alien makes his home temporarily in the United States, he becomes a resident, though it may be his intention at all times to return to his domicile abroad when the purpose for which he came has been consummated or abandoned. * * *

that petitioner established a bona fide residence in Great Britain several years prior to the years in question and that he maintained it during the years before us.

Petitioner left the United States in 1938 in order to take a position as the managing director of all Paramount subsidiaries in the United Kingdom. This was a permanent and continuing position. Its objectives could not be promptly accomplished, and residence in Great Britain was necessary for their fulfillment. One of the conditions of petitioner's employment was that he move to and reside in England. This he did, taking his family, personal effects, and furniture with him, and renting an apartment in London under a 5-year lease. Petitioner was not a mere transient or sojourner in Great Britain; he intended to stay in England as long as he retained his position with Paramount. It is significant that before leaving the United States petitioner relinquished his apartment in California and resigned from the clubs of which he was a member. Once in England, he joined several English clubs and opened charge accounts with a number of stores in London.

The chief reason for the respondent's contention that the petitioner was not a bona fide resident of Great Britain during the taxable years is that in each year the petitioner made visits to the United States. Upon a careful consideration of all of the evidence, we are unable to conclude that these visits deprive the petitioner of the status for which he contends, i. e., the status of being a bona fide resident of England during the taxable years. The petitioner's only employment was in Great Britain, and the income in question was received for services which he rendered while he was there. The war in Europe had necessitated the petitioner's sending his family back to the United States for safety. He, however, remained in England at his job which he continued to carry on. With his family in the United States, it was only natural that the petitioner should desire to spend with his family as much of the vacation periods allowed to him by his employer as was possible. In addition, petitioner conferred with his employer while in the United States in respect to the business being done by Paramount in Great Britain.

The report of the Senate Finance Committee on the proposed amendments of section 116 (a), as amended by section 148 (a) of the Revenue Act of 1942, states that "vacation or business trips to the United States during the taxable year will not necessarily deprive a taxpayer, otherwise qualified, of the exemption provided by this section." Sen. Rept. No. 1631, 77th Cong., 2d Sess. (1942), p. 116. This language has been adopted by the respondent in section 29.116–1 of Regulations 111.

Upon all of the evidence, it is concluded that the time which was spent by the petitioner in the United States during each of the taxable years was not sufficient to deprive him of having the status of a bona fide resident of Great Britain during the taxable years. See *Seeley* v. *Commissioner*, *supra; Myers* v. *Commissioner*, 180 Fed. (2d) 969; *Chidester* v. *United States*, 82 Fed. Supp. 322; *Yaross* v. *Kraemer*, 83 Fed. Supp. 411; *White* v. *Hofferbert*, 88 Fed. Supp. 457, in all of which cases the taxpayer spent varying times within the United States and yet was held to be a bona fide resident of a foreign country during the entire taxable year.

The respondent also makes a point of the fact that the petitioner paid no income taxes to Great Britain for the years involved. He urges that the exemption granted by section 116 (a) is somehow contingent upon the payment of income taxes to the foreign country claimed as a residence. However, although the avoidance of double taxation may have been one of the motives for the original enactment of section 116 (a), payment of taxes to a foreign government nowhere was made a condition precedent to the permitted exclusion. In addition, under applicable English law, "residence" does not appear to have been a factor in exempting the petitioner from English taxes, and the fact that the petitioner did not pay any income taxes to Great Britain is not determinative in this proceeding of the question of whether or not the petitioner was a bona fide resident of Great Britain.

It is held, upon the evidence, that the petitioner was a bona fide resident of Great Britain during all of 1943, 1944, and 1945, and during 1946 until September 30th. The income which he earned from personal services performed without the United States during 1943, 1944, and 1945 is properly excludible from his gross income under section 116 (a) (1), as amended; and the income which he so earned during the period in 1946 prior to September 30th is excludible from his gross income under section 116 (a) (2).

*Decision will be entered for the petitioner.*