ERNEST RUDOLF HERTIG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28012.   Promulgated October 30, 1952.

*Wilford M. Burton, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

---

## OPINION.

OPPER, *Judge:* We have found as a fact that petitioner was not a bona fide resident of Afghanistan during the years in question. Under the statute as amended in 1942, that is the decisive issue. Prior to that time, it was necessary only for a taxpayer to show that he was a bona fide nonresident of the United States. Under that provision, perhaps petitioner's supposed intention to remain somewhere abroad for from "ten to twenty years" might have sufficed. But it must now appear that the taxpayer is a bona fide resident "of a foreign country," and the only country to which in this proceeding that phrase could apply would be Afghanistan.

Unlike the taxpayer in *Charles F. Bouldin*, 8 T. C. 959, this petitioner has demonstrated by his own testimony that he had no desire or intention of making Afghanistan his residence but that he went there because of his desire to spend his working life abroad and Afghanistan happened to be available at the time for this purpose. When his employment in Afghanistan ceased, his endeavor was to find some other job abroad, not necessarily to remain in Afghanistan. Equally distinguishable is *Audio Gray Harvey*, 10 T. C. 183 (acquiesced 1948-1 C. B. 2), where not only had petitioner for many years previously been employed abroad but where great stress is laid upon the fact that that petitioner was liable for payment of taxes in the foreign country and that such taxes were paid. This petitioner's only absence from the United States was from late 1946 to late 1949, so that the two years in controversy are his first and only full years away from home. And he not only paid no taxes in Afghanistan

but under the contract his employer was bound to pay any that might arise.

Rather, we consider this proceeding governed by such cases as *Downs* v. *Commissioner*, 166 F. 2d 504. Of that case, the opinion in *White* v. *Hofferbert*, (D. C. Md.) 88 F. Supp. 457, says:

\* \* \* the taxpayers in that case were not entitled to the exemption because, as explained by Senator George, Chairman of the Senate Committee on Finance, in the Congressional hearings on the proposed amendment of 1942, the purpose of the amendment was so that "a non-resident American citizen *who establishes a home, maintains his establishment and is taking on corresponding obligations of a home* in a foreign country, may enjoy the exemption and \* \* \* *so that technicians, American citizens who are merely temporarily away from home* could be properly reached \* \* \*. [Emphasis added.]

We have made our finding because within that explicit legislative purpose we view petitioner as being no more than a "transient or sojourner"[1] for a specific purpose and definite period in Afghanistan, without a home there or its "obligations," living in the company barracks, eating at the company mess, and who, on this record, was a "technician" merely temporarily away from home. See also *Meso* v. *Viley* (D. C. Idaho), 102 F. Supp. 173, where an employee of the same employer as petitioner's was involved.

*Decision will be entered for the respondent for the deficiencies in income tax.*

---

[1] Regulations 111, section 29.211–2.