*Decisions will be entered under Rule 50.*

BURLIN B. HAMER AND MARJORIE A. HAMER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 42594. Filed May 17, 1954.

*Edmund L. Browning, Jr., Esq.*, for the petitioners.
*George C. Lea, Esq.*, for the respondent.

■■■■■■■■■■■■■■■■■■■■■■■■■■■

**OPINION.**

Van Fossan, *Judge:* It is undisputed that petitioners were citizens of the United States and that the income in question was derived from sources outside thereof. The sole controversy to be resolved by us is whether petitioners were bona fide residents of China during the entire taxable year 1948 so as to be entitled to the exemption provided in section 116 (a) (1) of the Code.[1]

The tests to be employed, in determining the applicability of the provision in question to the petitioners, are those generally applicable in ascertaining the residence or nonresidence of aliens in the United States. S. Rept. No. 1631, 77th Cong., 2d Sess. (1942), p. 116. *C. Francis Weeks*, 16 T. C. 248; *Seeley* v. *Commissioner*, 186 F. 2d 541, affirming in part and reversing in part 14 T. C. 175. See also Regs. 111, sec. 29.116–1. Such criteria are given in Regulations 111, section 29.211–2, as follows:

> An alien actually present in the United States [China] who is not a mere transient or sojourner is a resident of the United States [China] for purposes of the income tax. Whether he is a transient is determined by his intentions with regard to the length and nature of his stay. A mere floating intention, indefinite as to time, to return to another country is not sufficient to constitute him a transient. If he lives in the United States [China] and has no definite intention as to his stay, he is a resident. One who comes to the United States [China] for a definite purpose which in its nature may be promptly accomplished is a transient; but if his purpose is of such a nature that an extended stay may be necessary for its accomplishment, and to that end the alien makes his home temporarily in the United States [China], he becomes a resident, though it may be his intention at all times to return to his domicile abroad when the purpose for which he came has been consummated or abandoned. An alien whose stay in the United States [China] is limited to a definite period by the immigration laws is not a resident of the United States [China] within the meaning of this section, in the absence of exceptional circumstances. [The word "China" appearing in brackets is added to facilitate adjustment of the section to the present case.]

---

[1] SEC. 116. EXCLUSIONS FROM GROSS INCOME.

In addition to the items specified in section 22 (b), the following items shall not be included in gross income and shall be exempt from taxation under this chapter:

(a) EARNED INCOME FROM SOURCES WITHOUT THE UNITED STATES.—

(1) FOREIGN RESIDENTS FOR ENTIRE TAXABLE YEAR.—In the case of an individual citizen of the United States, who establishes to the satisfaction of the Commissioner that he is a bona fide resident of a foreign country or countries during the entire taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) if such amounts constitute earned income as defined in paragraph (3); but such individual shall not be allowed as a deduction from his gross income any deductions properly allocable to or chargeable against amounts excluded from gross income under this subsection.

Respondent leans heavily on *Richard H. Lovald*, 16 T. C. 909, which case also involved an employee of UNRRA who served in China. There are, however, vital differences. Unlike petitioner in the present case, Lovald's service was terminated when UNRRA ceased to operate and he returned to the United States in December 1947. This Court ruled that "assuming a bona fide residence in China it is not shown to have been for the entire year 1947," with the consequence that the statutory period of residence was not satisfied. As appears in our Findings of Fact, the situation here present is very dissimilar. The *Lovald* case is no authority here.

The case of *Ernest Rudolf Hertig*, 19 T. C. 109, is also distinguishable and of no controlling authority on the present facts. In that case, the taxpayer went to Afghanistan to work upon a construction project carried on by an American corporation. Pursuant to his contract therewith, board and lodging were furnished by the employer. The living quarters consisted of barracks located in various labor camps. The taxpayer was unaccompanied by any portion of his family and returned to this country following the abandonment of the project prior to completion. In the instant case, although petitioners originally went to China with UNRRA, a temporary agency, they did not return to the United States when UNRRA was terminated but became associated with FAO and throughout the year here involved both were employees of that organization. The latter we may judicially notice as a permanent specialized agency of the United Nations with permanent headquarters in Rome, Italy, the purposes of which are to raise nutrition levels and standards; to secure improvements in production and distribution of food and agricultural products. As such permanent international agency, it had undertaken work in China that by its very nature and purpose was incapable of being assigned a definite completion date such as is true in the case of any single construction project, and which, but for the Communist activity and military domination, would undoubtedly still be carried on. Petitioners' intentions were also indefinite inasmuch as Burlin intended at the outset and throughout the period involved to remain in this type of work as long as such was available and then to seek work of a like nature in the same general area of the Far East. The short-term contracts under which both petitioners served during the taxable year are not particularly significant since, in view of the indefinite period for which the work of FAO was intended to be carried on, they were renewable indefinitely. Moreover, both petitioners took part to some degree in the social activity of the community. Although their employer was, at all times, obligated to furnish them with living quarters, petitioners did, in fact, for a time, furnish their own and establish a home. The employer was not obligated to provide board.

Nor apparently did it do so at any time. A careful weighing of the evidence here, following a close study of the criteria considered pertinent in resolving the question before us (see also 51 Col. L. Rev. 378), leads us to conclude that petitioners were, during the taxable year, bona fide residents of China, within the scope and intendment of the pertinent statute and the regulations promulgated thereunder.

The question presented is essentially one of fact, *David E. Rose*, 16 T. C. 232; *Audio Gray Harvey*, 10 T. C. 183; *Charles F. Bouldin*, 8 T. C. 959; and our ultimate finding set out above is dispositive thereof. No useful purpose is to be served by a repetition or further discussion of the facts leading us so to conclude. They are fully stated in our findings. It is sufficient to say that in our judgment those appearing on the present record, when measured by the criteria to which we have adverted, distinguish the instant case from *Arthur J. H. Johnson*, 7 T. C. 1040; *Michael Downs*, 7 T. C. 1053, and others of like import. On the other hand, the facts bring it within the scope of such cases as *Charles F. Bouldin*, *supra; Audio Gray Harvey*, *supra;* and *Swenson* v. *Thomas*, 164 F. 2d 783.

Reviewed by the Court.

*Decision will be entered under Rule 50.*