FRED H. PIERCE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46812.    Filed June 8, 1954.

*George L. McKnight, Esq.,* for the petitioner.
*Thomas R. Charshee, Esq.,* for the respondent.

496

OPINION.

Black, *Judge:* In this proceeding there is no issue as to the amount of petitioner's income in the year 1949. In 1949, petitioner was paid a total of $7,350 by Lockheed. Petitioner filed a return with the collector of internal revenue at Baltimore, Maryland, on March 5, 1950, but he did not include the $7,350 as taxable income. He excluded it on the ground that such amount was exempt under the provisions of section 116 (a) of the Code. Therefore, the issue which we have to decide is whether the petitioner was a bona fide resident of Iceland during the calendar year 1949 within the requirements of section 116 (a) (1) of the Code. Section 116 (a) (1) and the applicable Treasury regulations are printed in the margin.[1]

---

[1] Internal Revenue Code.
SEC. 116. EXCLUSIONS FROM GROSS INCOME.

＊　　＊　　＊　　＊　　＊　　＊　　＊

(a) EARNED INCOME FROM SOURCES WITHOUT THE UNITED STATES.—

(1) BONA FIDE RESIDENT OF FOREIGN COUNTRY.—In the case of an individual citizen of the United States, who establishes to the satisfaction of the Secretary that he has been a bona fide resident of a foreign country or countries for an uninterrupted period which includes an entire taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) if such amounts constitute earned income (as defined in paragraph (3)) attributable to such period; but such individual shall not be allowed as a deduction from his gross income any deductions properly allocable to or chargeable against amounts excluded from gross income under this paragraph.
Regulations 111. (As amended by T. D. 6039, 1953–2 C. B. 162.)
SEC. 29.116–1. EARNED INCOME FROM SOURCES WITHOUT THE UNITED STATES.—(a) Resident of a foreign country.—For taxable years beginning after December 31, 1942, and before January 1, 1951, there is excluded from gross income earned income in the case of an individual citizen of the United States provided the following conditions are met by the taxpayer claiming such exclusion from his gross income: (a) It is established to the satisfaction of the Commissioner that the taxpayer has been a bona fide resident of a foreign country or countries throughout the entire taxable year; (b) such income is from sources without the United States; (c) such income would constitute earned income as defined in section 25 (a) if received from sources within the United States for taxable years beginning before January 1, 1944, or as defined in section 116 (a) (3) for

The legislative history of the applicable statute was fully discussed in *Arthur J. H. Johnson*, 7 T. C. 1040. Likewise, the Treasury regulations which are pertinent to the interpretation of the statute were discussed in that case. We shall not repeat that discussion here. As we said in *Charles F. Bouldin*, 8 T. C. 959:

Residence is, of course, mainly a question of fact and each case naturally must be determined upon its own facts. In determining the issue which we have here to decide, it should be kept in mind that we do not have to determine where petitioner was domiciled in 1943. Our task is to determine whether petitioner was "a bona fide resident of a foreign country during the entire taxable year." * * *

In the instant case it is not disputed that petitioner was living in Iceland during the entire year of 1949. Nor is it disputed that the $7,350 which he received from Lockheed was received from sources without the United States. There is no claim by respondent that the amount was paid by the United States Government or any agency thereof, as those words are used in the applicable statute. What respondent does contend is that petitioner was not a bona fide resident of Iceland during the year 1949. On that ground alone respondent has denied petitioner the exemption which he claims.

Respondent relies heavily on our decision in *Michael Downs*, 7 T. C. 1053, affd. 166 F. 2d 504, certiorari denied 334 U. S. 832. Petitioner contends that the facts in the instant case are distinguishable from those which were present in the *Downs* case. Among those differences in facts petitioner points out that in the instant case petitioner's family consisted only of his wife and they occupied a rented apartment on a month-to-month basis at the time he was employed by Lockheed in 1948. Petitioner was informed during his interview with Lockheed that American families were living at the airport in Iceland and that,

taxable years beginning after December 31, 1943; and (d) such income does not represent amounts paid by the United States or any agency or instrumentality thereof. Hence, a citizen of the United States taking up residence without the United States in the course of the taxable year is not entitled to such exemption for such taxable year.

\* \* \* \* \* \*

Whether the individual citizen of the United States is a bona fide resident of a foreign country shall be determined by the application, to the extent feasible, of the principles of sections 29.211–2, 29.211–3, 29.211–4, and 29.211–5, relating to what constitutes residence or nonresidence, as the case may be, in the United States in the case of an alien individual.

Section 29.211–2, Treasury Regulations 111, reads, in part, as follows:

An alien actually present in the United States who is not a mere transient or sojourner is a resident of the United States for purposes of the income tax. Whether he is a transient is determined by his intentions with regard to the length and nature of his stay. A mere floating intention, indefinite as to time, to return to another country is not sufficient to constitute him a transient. If he lives in the United States and has no definite intention as to his stay he is a resident. One who comes to the United States for a definite purpose which in its nature may be promptly accomplished is a transient; but if his purpose is of such a nature that an extended stay may be necessary for its accomplishment, and to that end the alien makes his home temporarily in the United States, he becomes a resident, though it may be his intention at all times to return to his domicile abroad when the purpose for which he came has been consummated or abandoned. An alien whose stay in the United States is limited to a definite period by the immigration laws is not a resident of the United States within the meaning of this section, in the absence of exceptional circumstances.

while family accommodations could not be guaranteed to him, the normal turnover in personnel, plus an existing program of equipping Quonset huts for such family units, would make such accommodations available to him within a reasonable length of time after his arrival in Iceland. Petitioner testified that after his arrival in Iceland it became evident that because of rearrangements in the housing program there would be some delay in obtaining family accommodations and this continued uncertainty and inability to make any definite plans made it impossible for the wife of petitioner to join him in 1949. Petitioner, however, testified that at all times in 1949 he desired to bring his wife to Iceland and from time to time he was doing his best to secure housing accommodations so that he could bring her. On these facts, petitioner contends that in 1949 he earned the $7,350 in question while residing in Iceland, that there were no restrictions through business or family which prevented petitioner from carrying out his intention of residing in Iceland in 1949, and that the fact that the scarcity of housing accommodations prevented him from bringing his wife to join him is not sufficient cause to prevent him from being classed as a bona fide resident of Iceland during the year 1949. These facts, petitioner contends, were not present in the *Downs* case, *supra*, and are sufficient to distinguish that case from the instant case. We think petitioner must be sustained in such contention.

It is true, of course, that petitioner was not domiciled in Iceland in 1949, but that is not necessary in order that he be classified as a "bona fide resident of a foreign country" in 1949 within the meaning of section 116 (a) (1) of the Code. In *Herman Frederick Baehre*, 15 T. C. 236, we said: "Petitioner does not contend that he changed his domicile or had any intention of doing so; however, a change of domicile is not necessary to come within the provisions of section 116 (a) (1)." We think the facts in the instant case bring it within the ambit of *Charles F. Bouldin*, *supra*, and *Herman Frederick Baehre*, *supra*. It is true that the evidence in those cases was somewhat stronger for the taxpayers than here. In the *Bouldin* case, the taxpayer proved that his stay in Canada had been of such an extended nature that, taken together with other facts and circumstances, it constituted him a bona fide resident of Canada for the entire year 1943, which was the only year involved. In the *Baehre* case the taxpayer's family, his wife and two children, went to Canada in September 1942 with all of taxpayer's possessions, including furniture and automobile, with intent to reside there for an indefinite period. Under these facts, we held that the taxpayer became a bona fide resident of Canada for the period involved.

In the instant case petitioner's wife did not join him in Iceland but the reason why she did not do so has been fully explained by petitioner.

See *Seeley* v. *Commissioner*, 186 F. 2d 541. In that case the Court of Appeals for the Second Circuit said:

The only reason why she [the wife] did not go was "because of war travel restrictions and the housing shortage caused by the bombings." Certainly it would not further the general purpose of the statute to induce Americans to take jobs abroad, if those were granted tax exemption who could take their wives, but those were not, who could not. Such husbands were *pro tanto* in the same position as single men; and, if Seeley had been single, he would certainly have had a "temporary home" in London. * * *

Unless we are to disbelieve his testimony, it seems to us that it is reasonable to hold that throughout the year 1949 petitioner was a bona fide resident of Iceland notwithstanding his wife was not there with him. It is true that when he returned to the United States for a vacation in January 1950, he found his wife in a highly nervous condition and on account of his wife's illness petitioner reluctantly secured a release from his contract with Lockheed and never returned to Iceland. These latter facts, however, do not have the effect of changing his status in 1949.

After a careful consideration of the whole record, we have concluded that petitioner was a bona fide resident of Iceland for the full year of 1949, and we have so found. We, therefore, decide that the $7,350 which petitioner received from Lockheed in 1949 is exempt from tax under the provisions of section 116 (a) (1).

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

HARRON, *J.*, dissenting: It has been stated repeatedly that whether a taxpayer is a bona fide resident of a foreign country during an entire taxable year is a question of fact. Because of the view that decisions of questions of fact are peculiarly within the judgment of the trier of the facts, I hesitate to disagree with the author of the view which has received the approval of the majority of the Court. But I feel obliged to say that upon the facts of this case I would sustain the Commissioner's determination. Furthermore, as I read the facts in the cases of *Herman Frederick Baehre*, 15 T. C. 236, and *Charles F. Bouldin*, 8 T. C. 959, I conclude that those cases are distinguishable, clearly, from this case, and, also, I find almost nothing to distinguish the facts here from those in *Michael Downs*, 7 T. C. 1053.

The *Downs* case followed *Arthur J. H. Johnson*, 7 T. C. 1040. In the *Johnson* case, this Court gave the most careful consideration to the legislative history of section 148 (a) of the Revenue Act of 1942, by the enactment of which the Congress plainly imposed a new test, bona fide residence in a foreign country, in amending section 116 (a) of the Code. We observed that the Congress had believed that under the former law there had been "unjust discrimination favoring in-

dividuals receiving their compensation for services abroad from non-governmental sources; that it had 'suffered considerable abuse' * * *." We observed, also, that "Clearly, the idea [of the new test] was associated with unjust duplication of income taxes upon American citizens abroad" (p. 1046). And we noted that the term "resident" has so many shades of meaning that the word must be considered in the light of its use in the particular statute. Indeed, other courts have been wary of the word as was pointed out in *Downs* v. *Commissioner*, 166 F. 2d 504, 508, affirming 7 T. C. 1053.

It is to be regretted that in this case the Court appears to be less concerned with the legislative intent underlying the adoption of the new test in section 116 (a), than it has been in the past. In *Downs* v. *Commissioner, supra*, the Court of Appeals for the Ninth Circuit rejected the idea that "mere presence other than sojourning in the foreign lands for the full tax year ripens the right to the exemption" p. 508, and expressed the view that the Commissioner's regulations on the subject mean

that unless the United States citizen abroad "makes his home temporarily" in the foreign country, that is, as we see it, identifies himself in some degree with its customs and lives under and within such customs, he is not a resident of the foreign country in which he is staying temporarily. * * * [p. 508]

Applying the analysis of legislative intent of this Court in the *Johnson* case and of the Court of Appeals for the Ninth Circuit in the *Downs* case to the facts here, I would conclude that the petitioner was not a bona fide resident of Iceland and, therefore, does not qualify for exemption from income tax. The petitioner, during the time he was in Iceland, lived in quarters provided by his employer. His salary, after deductions for certain expenses incurred in Iceland, was deposited to his account in a New York bank. There was no certainty that petitioner could establish a home in Iceland, and he did not do so. He did not pay income tax to the Government of Iceland. There is no evidence that the petitioner so established himself in Iceland as to become a bona fide resident within the meaning of section 116 (a). Indeed, the fact that petitioner's wife could not join him, in Iceland, albeit housing accommodations were not available, makes it difficult to find in petitioner's situation during his presence in Iceland that element of stability which is ordinarily satisfied where a married person establishes a bona fide residence in a particular place. These facts do not satisfy the explicit legislative purpose of the amendment to section 116 (a) but, rather, establish that the petitioner was no more than a "transient or sojourner" for a specific purpose in Iceland.

The rule, or view, expressed in the *Johnson* and *Downs* cases has stood since 1946, and has been applied by this Court in many cases which have been decided adversely to taxpayers in unreported Memorandum decisions. More recently, in 1952, this Court, in a reported

decision, reaffirmed its understanding of the "explicit legislative purpose" of the enactment of the new test in section 116 (a), as amended. See *Ernest Rudolf Hertig*, 19 T. C. 109. The *Hertig* case has since been followed, reaching the same result, by this Court in unreported Memorandum decisions. It seems to me that the result reached here is sharply in conflict with the holding in the *Hertig* case, and represents such a liberalization of our construction of the meaning of the test set forth in section 116 (a) that a great deal of uncertainty must inevitably result. I regret exceedingly this pulling away from the touchstone which earlier decisions have provided, and, accordingly, respectfully note my dissent.

KERN, MURDOCK, TURNER, and OPPER, *JJ.*, agree with this dissent.