OPINION. Naum, Judge: Petitioner seeks exemption from tax with respect to income earned by him in Saudi Arabia in 1949. He relies upon section 116 (a) of the Internal Revenue Code of 1939, and seeks to bring himself within those provisions as a “bona fide resident of a foreign country * * * during the entire taxable year.” The question is primarily one of fact, and it is not always easy to harmonize the decided cases. Cf., e. g., Arthur J. H. Johnson, 7 T. C. 1040; Michael Downs, 7 T. C. 1053, affirmed, 116 F. 2d 504 (C. A. 9), certiorari denied, 334 U. S. 832; Swenson v. Thomas, 164 F. 2d 783 (C. A. 5); Audio Gray Harvey, 10 T. C. 183; Jones v. Kyle, 190 F. 2d 353 (C. A. 10); Burlin B. Hamer, 22 T. C. 343; Fred H. Pierce, 22 T. C. 493. Each case must turn upon the particular facts involved. The present case is on the borderline, and we find our decision a difficult one to make. On the one hand, cases such as Michael Downs, supra, would seem to weigh against petitioner’s position. Indeed, it has been relied upon in Jones v. Kyle, supra, and in four unreported Memorandum Opinions of this Court in cases involving work performed in Saudi Arabia under contracts similar to that of petitioner. On the other hand, a different result is suggested by Swenson v. Thomas, supra, and Audio Gray Harvey, supra, where it is shown that the taxpayer has undertaken to make a career of foreign employment, even though his living conditions abroad are of the type that have been emphasized in Michael Downs. It is our best judgment, on the present record, that this case follows more closely the pattern of the Audio Gray Harvey and Swenson cases. Petitioner herein had determined to make a career of foreign employment. We do not have merely one or two employment contracts, contemplating temporary absence from the United States. The contract in effect in 1949 should be viewed against the entire background of petitioner’s foreign employment, involving a series of contracts. The fact that the other contracts were executed after 1949 is not fatal to petitioner’s position; they throw helpful light on the situation as it existed in 1949. Although petitioner’s first contract was technically terminated when he returned to the United States in November 1949, we are satisfied by the evidence that his visit to the United States at that time was merely a vacation, and that termination of the contract was simply a device for obtaining his transportation. It was in form but not in fact “terminal leave.” It was understood when he left Saudi Arabia in November 1949 that he would return, and indeed he left most of his belongings there upon that expectation. Such temporary absence from the foreign country does not interrupt his period of foreign residence. See David E. Rose, 16 T. C. 232, 237. We have concluded and found as a fact that petitioner was a bona fide resident of Saudi Arabia during 1949 within the meaning of section 116 (a). Decision will be entered for the fetitioners.