OPINION. Johnson, Judge: Section 116 (a) of the 1939 Code provides that earned income of an individual citizen of the United States from sources without the United States shall be exempt from taxation when he establishes that he is a bona fide resident of a foreign country or countries during the entire taxable, year. For the purpose of section 116 (a), “earned income” means wages, salaries, and professional fees received as compensation for personal services actually rendered. On the sole issue before us respondent maintains that petitioner was not a bona fide resident of Argentina for the entire year 1948 and that income earned in Argentina by the petitioner in 1948 was fully taxable. In opposition to this, petitioner and his wife contend that he and she were residents of Argentina for the entire year 1948 and that there was no tax deficiency for that year. Simply, this issue is dependent upon a determination of the time petitioner first established his residence in Argentina. Was it some time in 1947 when he was working there, or was it in 1948 ivhen he and his wife arrived there ? There appears to be no issue concerning the question as to petitioner’s bona fide residence in Argentina after he and his family arrived there in February 1948. The question of when the residence started is one of fact and the criteria to be used are the same as those which are applicable in determining whether an alien is a resident of the United States. These criteria are listed in Regulations 111, section 29.211-2. See Arthur J. H. Johnson, 7 T. C. 1040, and Herman Frederick Baehre, 15 T. C. 236. Paraphrasing the standards set up by the regulations, we find if petitioner was a transient or a sojourner in Argentina he was not a resident of that country for Federal tax purposes. Whether he was a transient was determined by his intention with regard to the length and nature of his stay. A mere floating intention, indefinite as to time, to return to the United States does not constitute him a transient. If he lived in Argentina and had no definite intention as to his stay, he was a resident. If he went to Argentina for a definite purpose which in its nature could be accomplished promptly, he was a transient. But, if an extended stay was necessary he was a resident even though his intention was at all times to return to his domicile in the United States when the purpose for which he went to Argentina had been consummated or abandoned. There were three instances when petitioner’s residence could have first started. The earliest was in October 1947 while he was in Buenos Aires and when the company advised him he was to become a permanent employee of the Argentine subsidiary-; the second was in December 1947 when he sailed from the United States; the third was in February 1948 when he and his family arrived in Argentina. We shall discuss the earliest first, that is, when petitioner was informed that he was to become a permanent employee of the Argentine subsidiary. Until then he was a transient or a sojourner; he was in Argentina for a particular job which in its nature could be promptly accomplished in a limited time. However, when he was informed that he was to be a permanent employee in Argentina, he had a physical presence, which when coupled with a proper intention, would make him an Argentine resident. We are convinced from the evidence that in October 1947 he then formed an intention to be an Argentine resident. The intention plus his physical presence where he had a job for an extended stay is sufficient to meet the “bona fide resident” requirements of section 116 (a) of the Code, and the corresponding regulations. Leonard Larsen, 23 T. C. 599. We cannot find that the short trip to the United States in the latter part of 1947 interrupted his Argentine residency so as to preclude him from the benefits of section 116 (a) for the year 1948. See David E. Rose, 16 T. C. 232, 237. Decision will be entered for the 'petitioners.