LOIS KAISER STIERHOUT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 48832.    Filed June 24, 1955.

*Sidney Pepper, Esq.*, for the petitioner.
*James J. Quinn, Esq.*, for the respondent.

OPINION.

ARUNDELL, *Judge:* This case presents two issues, first, whether the Commissioner may determine a deficiency in the amount of refunded taxes that had originally been collected, almost entirely, by withholding; and second, whether the petitioner was a bona fide resident of a foreign country for the year 1947 within the meaning of section 116 (a) (1)[1] of the Internal Revenue Code of 1939, so as to claim the

---

[1] SEC. 116.  EXCLUSIONS FROM GROSS INCOME.

In addition to the items specified in section 22 (b), the following items shall not be included in gross income and shall be exempt from taxation under this chapter:

(a) EARNED INCOME FROM SOURCES WITHOUT THE UNITED STATES.—

(1) FOREIGN RESIDENT FOR ENTIRE TAXABLE YEAR.—In the case of an individual citizen of the United States, who establishes to the satisfaction of the Commissioner that he is a bona fide resident of a foreign country or countries during the entire taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) if such amounts constitute earned income as defined in paragraph (3).; but such individuals shall not be allowed as a deduction from his gross income any deductions properly allocable to or chargeable against amounts excluded from gross income under this subsection.

benefit of that section which exempts income earned abroad from taxation.

The first question, we think, must be decided for the respondent. Our findings show that the petitioner had $416.90 withheld from her salary during 1947 and she paid an additional $66.10 apparently with her final return for the year, thus making the entire tax paid for 1947 to be $483. She applied for a refund of the full amount of the tax paid on the ground that she was a resident of Germany during the year and her income received there was not taxable. A refund was allowed in the full amount paid with interest.

This proceeding was initiated to prevent respondent from collecting through an administrative process the tax he had theretofore refunded. Petitioner argues that this course is not open to respondent and cites *United States* v. *Detroit Steel Products Co.*, (E. D., Mich., 1927) 20 F. 2d 675. Whatever may have been the rule under the earlier revenue acts, it is now well settled under the Internal Revenue Code of 1939 that the course of action taken by the respondent is well within his rights. As we have said in *Mary R. Milleg*, 19 T. C. 395, 397–398:

Refunds of taxes paid under the "pay as you go" income tax plan, without audit, are not final determinations * * * *Clark* v. *Commissioner*, 158 F. 2d 851, affirming a Memorandum Opinion of this Court entered April 1, 1946; *Henry C. Warren*, 13 T. C. 205. * * * In the absence of a closing agreement, valid compromise, final adjudication or the running of the statute of limitations, the respondent may make new and different assessment against the same taxpayer, for the same year, and in respect of the same type of tax.

On the authority of the cases cited above, we hold that the respondent may follow the process of determining a deficiency and collecting the tax administratively even though the tax he now seeks to recover had previously been refunded to the petitioner. (See also *Carl H. Thorsell*, 13 T. C. 909, where a refund was allowed in circumstances similar to those in the instant case.)

We come now to the question whether petitioner was a bona fide foreign resident during 1947—primarily a question of fact. Many similar cases have found their way to this Court and in them we have stated the criteria to be used to determine when a bona fide foreign residence was established by a taxpayer. *Arthur J. H. Johnson*, 7 T. C. 1040 (1946); *Michael Downs*, 7 T. C. 1053 (1946), affd. (C. A. 9, 1948) 166 F. 2d 504, certiorari denied 334 U. S. 832 (1948); *Audio Gray Harvey*, 10 T. C. 183; *Herman Frederick Baehre*, 15 T. C. 236. Generally, the requirements for establishing a foreign residence are the same as those for the creation of a residence in this country by an

alien. Such requirements appear in Regulations 111, section 29.211–2.[2]

The respondent relies on cases like *Arthur J. H. Johnson*, and *Michael Downs*, *supra*, where we held that the taxpayers failed to establish a bona fide foreign residence. Those cases and others following them usually involved people who went abroad without a family under employment contracts of fixed duration to work on construction projects or overseas installations connected with the defense of the country. Frequently, these cases involved countries where it would have been difficult to establish local contacts and unlikely that an American would be assimilated into the local culture because of social and religious barriers. But this result did not always follow from such circumstances. Cf., for example, *Fred H. Pierce*, 22 T. C. 493 (1954), and *Leonard Larsen*, 23 T. C. 599 (1955).

The petitioner relies particularly on *Burlin B. Hamer*, 22 T. C. 343 (1954). We held in that case that the taxpayer who was an UNRRA employee in China had become a bona fide resident of that country within the intendment of the statute during his service with the relief agency in that country.

The determination in these cases ultimately turns on the intention of the taxpayer when he goes abroad. If he goes for a definite purpose which may be promptly accomplished, then he does not become a resident of the foreign country within the meaning of the statute. If, however, he has indefinite plans concerning his stay although he expects eventually to return to this country, then he may become a resident of the foreign country during his sojourn abroad. Many small facets of the taxpayer's mode of living abroad are examined to help in the determination of his intention. Such items as the degree of social contact with the natives, the facility in language, the presence of family, the establishment of a home, are all important indicia of intention to establish a residence.

These factors were important in the *Hamer* case in reaching our conclusion that the taxpayer had established a bona fide residence in

---

[2] Sec. 29.211–2. Definition.—A "nonresident alien individual" means an individual—
(a) Whose residence is not within the United States; and
(b) Who is not a citizen of the United States.
The term includes a nonresident alien fiduciary.

An alien actually present in the United States who is not a mere transient or sojourner is a resident of the United States for purposes of the income tax. Whether he is a transient is determined by his intentions with regard to the length and nature of his stay. A mere floating intention, indefinite as to time, to return to another country is not sufficient to constitute him a transient. If he lives in the United States and has no definite intention as to his stay, he is a resident. One who comes to the United States for a definite purpose which in its nature may be promptly accomplished is a transient; but if his purpose is of such a nature that an extended stay may be necessary for its accomplishment, and to that end the alien makes his home temporarily in the United States, he becomes a resident, though it may be his intention at all times to return to his domicile abroad when the purpose for which he came has been consummated or abandoned. An alien whose stay in the United States is limited to a definite period by the immigration laws is not a resident of the United States within the meaning of this section, in the absence of exceptional circumstances.

China. That case is, indeed, similar to the instant case. The factual differences between the two cases are not material. We think that the petitioner here was determined to live abroad, for a while at least, following the war. She implemented that desire by joining an overseas rehabilitation agency and going abroad in its service. She received an indefinite appointment with UNRRA and her plans, so far as we are able to discern from this record, were for an indefinite sojourn abroad. The fact that she may have always regarded herself as an American and a citizen of the United States and planned eventually to return here did not prevent her from establishing a foreign residence. She appears to have participated in local contacts as much as could be expected in a war-ravaged country still occupied by a conquering army. It could hardly be expected that she would have had to establish an extensive home in Germany in order to become a resident there at a time when housing of any quality was meager, or that she could have established extensive local contacts while the military occupation continued. Nevertheless, within the limits of the facilities which were available, she established herself, married a man with a European background, and established a home for him, and might have continued to live abroad indefinitely if he had not been transferred to the United States.

From a consideration of all this, and all the other facts of record, we are convinced that the petitioner was a bona fide resident of a foreign country during 1947 within the meaning of the statute, and, therefore, her income that year earned outside the United States is exempt from Federal income taxes.

*Decision will be entered for the petitioner.*